**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| LANCE RICHARD BROCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:25-cv-00106-CEA-CHS |
| | ) | |
| CITY OF CHATTANOOGA | ) | |
| POLICE *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.   Introduction

Plaintiff Lance Richard Brock filed his Amended Complaint on March 31, 2025, alleging a violation of his civil rights under 42 U.S.C. § 1983. [Doc. 4 at 1]. Plaintiff, *pro se*, is proceeding *in forma pauperis* in this action. [Doc. 8]. This Court has the responsibility to screen all actions filed by plaintiffs proceeding *in forma pauperis*—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A and 1915(e)(2). For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED**.

### II.   Background

Plaintiff filed his Complaint on March 25, 2025, against one defendant. [Doc. 1 at 1]. He then filed an Amended Complaint[1] six days later against six[2] defendants, alleging violations under §1983. [Doc. 4 at 1, 3].

---

[1] Plaintiff's Amended Complaint supplants his original Complaint.
[2] Plaintiff may have intended to sue eight defendants, but his intent is quite unclear, and his writing is highly illegible.

## III.     Discussion

### A.     Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in its complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555 (cleaned up)). Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267,  270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (brackets in original) (quoting *Twombly*, 550 U.S at 557). Rather, the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B.     Analysis**

Plaintiff's Amended Complaint is a rambling, almost indecipherable, hodgepodge of conclusory allegations and non sequiturs. For instance, some of the more baffling portions of Plaintiff's factual allegations are:[3]

> BIENG less then 2% hidden in fear for over 4000 years of tribes of Benjamine and Gad, Minesiah and Levi Chattanooga Police Department upon the Death of Gregory Bryce Levi who mother is MAD Mothers AGAINST Drunk Driving and daughter parents are state legislation, Played some kind of color of law game and covered up the discrimination by Oxford house Tennessee. . . . I was on federal probation and they where attempting to send me back to Prison while my people where being Genocieded in Ukraine, Slavokian, Hebrew, Jerusalem, Poland my uncle Fry is from, as well as Philistine. My Mother had issues in 1989 and on death of Benjamine Spangler bugged out. former lovers. Red Bank color of law Red. of operation Tennessee orange 1989. Retaliation occurd. 30+ years later. Gravett. . . . My family has had God Head Crown since Ninevah Povost Marshells Enoch Brock Virginia Kentucky terrotories turned against me. Don't Abandon 1969 court house for Everything since Genesis 30:11

[Doc. 4 at 3-4].

Plaintiff's claim does not have sufficiently clear factual support, nor does it sufficiently identify which of Defendants were involved in which allegedly unlawful actions. Further, the frivolousness of Plaintiff's complaint is well-illustrated by his claim for relief, which states, "317707, 1927421, 1929941, 1929942, 1934970, 1934972, 1934973, 1935605, 1935606, 1935607, 1935608, 1946117, 1954063, 1956537, 1956538, 1959661, 1959662, 1959983." [*Id.* at 5].

Plaintiff's Amended Complaint does not give Defendants fair notice of what Plaintiff's claim is nor the ground upon which it rests. Rather, the Amended Complaint is wholly inadequate and frivolous.

---

[3] Since Plaintiff's handwriting is highly illegible, all quotations from the Amended Complaint represent the Court's best efforts to accurately convey Plaintiff's writing without constantly pointing out every needed technical correction.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff does not state a claim upon which relief can be granted. Therefore, it is hereby **RECOMMENDED**[4] that this action be **DISMISSED**.

        **ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).